## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA, KANSAS

NICOLE GONZALES

        Plaintiff,

v.                                        Case No.

WALMART INC.

        Defendant.

_____

## **COMPLAINT**

COMES NOW Plaintiff, Nicole Gonzales, by and through counsel, Jay Sizemore and Tony L. Atterbury of Bull Attorneys and for Plaintiff's claims against Defendant, alleges and states:

1. The Plaintiff is a citizen of Kansas.

2. Defendant, Walmart Inc., is a Delaware Corporation registered to conduct business in the State of Kansas, and having a principal place of business located in the State of Arkansas, a State other than Kansas where the Plaintiff is a citizen.  Walmart Inc., maybe served with process by serving its registered agent The Corporation Company, Inc., at 112 S.W. 7th Street Suite 3C, Topeka, Kansas 66603.

3. This Court has proper venue and jurisdiction over the persons and subject matter.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. On or about June 24, 2020 Plaintiff, was a customer at Walmart Inc., at facility number 799, located at 250 E. Tucker Rd, Liberal, Seward County, Kansas 67901.

6.     The Plaintiff was walking inside the store, and slipped and fell while on the premises owned, operated and maintained by the Defendant.

7.     The area where Plaintiff slipped and fell was wet.  Plaintiff slipped and fell due to the wet and unsafe flooring conditions.

8.     After Plaintiff's fall, Walmart employees admitted the floor was wet in the area where the Plaintiff fell.

9.     The Walmart Employees also and there were no warning signs or cones in the area to alert Plaintiff to the wet slippery floor.

10.    The actions and omissions of Defendant, Walmart Inc., are negligent and careless, for the following reasons:

A)  Allowing a dangerous and unmarked wet fall hazard to remain out on the floor of the store;

B)  Failure to utilize property slip and fall protection;

C)  Improper installation and use of floor mats;

D)  Failure to properly supervise cleaning, maintenance and repairs to prevent customers from being injured;

E)  Failing to check for dangerous falling / tripping hazards in high traffic areas of the store;

F)  Failing to put away / clean up a dangerous falling / tripping hazard that it created or allowed in the store;

G)  Failing to utilize a safety system to check for routine falling / tripping hazards that could foreseeably cause injury to customers when Defendants knew or reasonably should have known that the wet rug and / or other items in question were a falling

/ slip hazard and would knowingly cause harm to customers in the store;

H) Failing to utilize a safety system that would routinely check for routine water, maintenance concerns and / or flooring issues that could foreseeably cause injury to customers when Defendant knew or reasonably should have known that the flooring and mat were wet or defective and would knowingly cause harm to customers in their store;

I) Failure to utilize an audible warning system to warn customers of hazards and failure to have a system in place to help other customers warn management when they see a problem that needs to be fixed;

J) Failure to warn by placement of warning signs or other warning devises to let people know not to walk on the area of the floor was wet;

K) Creation of active negligence by creation of a hazardous situation;

L) Failure to use ordinary and reasonable care in maintenance of the premises as required under the case of *Jones v. Hansen* 254 Kan. 499. (1994);

M) Failure to use and / or follow company protocols and procedures including mopping, safety sweeps, and inspections and repeating the procedures;

N) Failure to blockade or barricade off the area to prevent injury;

O) Failure to mop and clean the area where Plaintiff fell;

P) Violations of Walmart Policies designed to keep customers safe from wet flooring;

Q) Violations of industry standards relating cleaning, mopping, safety sweeps and customer safety,

R) Negligent hiring, retention, qualification, supervision, and training of the

managers, employees, agents, independent contractors and supervisory personnel by Defendant;

S) Defendant and their respective agents, employees and representatives were careless, negligent and wanton for negligent hiring, training, supervision, and retention of store managers, assistant managers, employees, agents, independent contractors and other servants overseeing the day-to-day operation of the store as well as their statewide, regional and nationwide managers and other supervisory personnel. Defendant, negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to store management and supervisory personnel;

T) Defendant negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their managers, employees and agents, including, but not limited to supervisory personnel. Defendant, knew or reasonably should have known that they were not hiring safe and competent managers, employees, agents, independent contractors and supervisory personnel and negligently and wantonly violated their duty to hire only safe and competent managers, employees, agents, independent contractors and supervisory personnel. Defendant, knew or reasonably should have known that their managers, employees, agents and independent contractors including, but not limited to their supervisory personnel, created and were an undue risk of harm to the Plaintiff, and negligently and wantonly failed to reprimand, retrain,

4

    or terminate their managers, employees, agents, and independent contractors, including the supervisory personnel;

U)  Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents and independent contractors including the supervisory personnel proximately caused the injuries to the Plaintiff;

V)  Failing to have adequate safety management protocols in place through the use of an employee orientation, use of safety manuals and training videos along with a comprehensive testing program that would allow them to determine if their safety program was comprehended and understood by the managers, employees, agents, independent contractors and supervisory personnel;

W)  Negligence and negligence per se for violation of laws, ordinances, and/or statutes of the State of Kansas and/or the County of Seward and/or the City of Liberal; and

X)  Other negligent actions and omissions, which will be supplemented after discovery.

11. As a further direct and proximate result of the negligent and careless actions and omissions of the Defendant, Walmart Inc., the Plaintiff was injured. When Plaintiff slipped and fell on the wet floor in the Walmart store, she injured her back and was diagnosed with disc bulges at L3/L4 and L4/L5. As a result of the fall, Plaintiff underwent medical treatment including but not limited to injections, physical therapy eventually underwent major back surgery. Due to injuries suffered in the fall Ms. Gonzales underwent a transforaminal interbody fusion of her L4/L5 vertebrae. The Plaintiff may have suffered an aggravation of a pre-existing condition. The Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent

disfigurement, and permanent disability. In the future the Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, wage loss, permanent disfigurement, scarring, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, the Plaintiff prays for judgment against Defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**BULL ATTORNEYS, P.A.**

*/s/ Jay Sizemore*
Jay Sizemore, #20395
*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
316-684-4400 ; Fax: 316-684-4405
Jay@bullattorneys.com
Tony@bullattorneys.com
*Attorneys for Plaintiff*

6

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury in this matter.

*/s/ Jay Sizemore*_____
Jay Sizemore, #20395


## DESIGNATION FOR PLACE OF TRIAL

COMES NOW the Plaintiff and designates Wichita, Kansas as the place for trial in this matter.

*/s/ Jay Sizemore* _____
Jay Sizemore, #20395